

Villanova University School of Law
Villanova University School of Law Digital Repository

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-26-2008

# Jackson v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2987

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Jackson v. Atty Gen USA" (2008). *2008 Decisions.* Paper 193.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/193

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No.  07-2987
_____

WENDELL L. JACKSON,

Appellant,


v.


JOHN ASHCROFT, ATTORNEY GENERAL,
UNITED STATES DEPARTMENT OF JUSTICE AGENCY,

Appellee.
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 02-cv-08298)
District Judge: Honorable Petrese B. Tucker
_____

Submitted Under Third Circuit LAR 34.1(a)
November 18, 2008

Before: SCIRICA, *Chief Judge,* FUENTES, and HARDIMAN, *Circuit Judges.*

(Filed: November 26, 2008  )


_____

OPINION OF THE COURT
_____

HARDIMAN, *Circuit Judge*.

Wendell L. Jackson appeals an order of the District Court granting summary judgment to the federal government on his claims of racial discrimination and retaliation arising under Title VII. We will affirm.

I.

Because we write exclusively for the parties, we will recount only those facts essential to our decision.

This case arises from Jackson's unsuccessful attempts to become a Special Agent of the Drug Enforcement Agency (DEA). Although the Philadelphia Field Division of the DEA recommended Jackson for hire, his first application was rejected after a background investigation revealed that he had made contradictory statements regarding marijuana use.[1] On three applications, Jackson stated variously that he had used marijuana: 3-4 times (DEA internship application), 4-6 times (DEA Special Agent application), and never (application for top secret security clearance).

In light of the foregoing, Jackson submitted a written apology to the Office of Security Programs, admitting that he failed to mention his youthful indiscretions to improve his chances at becoming a military counter-intelligence agent. App. 551-52. Following Jackson's apology, his application was reactivated, but the Chief of the

---

[1] That investigation also indicated that Jackson had two arrests for domestic abuse that were dismissed.

2

Recruitment and Placement Section of the DEA's Office of Personnel, Kenneth Dickinson, did not recommend Jackson. Pursuant to DEA policy, Chief Dickinson referred the matter to an "1811 Hiring Panel" for review of his decision. All three members of the 1811 Hiring Panel voted to disapprove Jackson's application. Jackson then filed an EEO complaint alleging racial discrimination, which was denied by the Department of Justice (DOJ).

Instead of seeking review of the DOJ's final agency action, Jackson reapplied – pursuant to a later vacancy announcement – for the same Special Agent position for which he had been rejected. Because Jackson failed to submit any new information concerning the basis of the DEA's prior denial of his application, the DEA treated Jackson's second application as a reconsideration request and referred it to Richard Ludowig, who was Chairman of the DEA's Reconsideration Panel. After reviewing Jackson's file and finding it devoid of any new information in mitigation of Jackson's prior misrepresentations, Ludowig denied Jackson's re-application without referring the matter to a Reconsideration Panel. Ludowig testified that he did not recall being aware of Jackson's prior EEO complaint at the time he denied his re-application.

Following Ludowig's denial, Jackson added a retaliation claim, alleging that the DEA treated his second application differently because he previously filed an EEO complaint regarding the handling of his application. The DOJ issued a final agency decision finding no discrimination based on race or retaliation on account of Jackson's

3

EEO activity. Jackson filed a timely appeal to the District Court and, following its entry of summary judgment, filed a timely appeal here.

## II.

We discern Jackson's principal claim to be that the DEA should not have treated his second application as a re-application and that the rejection thereof evidences a systemic pattern and practice of racial discrimination in hiring by the DEA. The District Court granted the DEA summary judgment on the racial discrimination claim, finding that Jackson did not proffer any evidence of pretext under *Fuentes v. Perskie*, 32 F.3d 759 (3d Cir. 1994). *See Jackson v. Ashcroft*, No. 02-8298, at *9 (E.D. Pa. Mar. 16, 2006).

On appeal, Jackson does not cite any evidence of record to establish a triable issue of fact regarding pretext. Instead, he argues that the DEA treated similarly situated white applicants more favorably than him. Jackson's support of this claim is plainly insufficient. First, as the Government correctly notes, the so-called "affidavit" of Arthur Reed is neither a sworn affidavit nor an unsworn declaration under penalty of perjury as required by 28 U.S.C. § 1746. Thus, it is invalid as evidence. Second, the first three white comparators cited by Jackson were hired initially, not on reconsideration. Finally, Jackson cites the case of "Applicant G," who was reconsidered after an initial rejection for making false statements on his application. In that case, however, the Hiring Panel had not made a formal decision and the applicant submitted additional information to rebut the file report that he had lied in his application. App. 643-45, 571-73.

4

In sum, Jackson has not cited any record evidence that undermines the Government's position that applicants who re-apply for a Special Agent position – but who proffer no new facts in mitigation of their prior misrepresentations – are neither entitled to a reconsideration hearing nor entitled to be considered as new applicants. Instead of identifying any applicants who received a reconsideration hearing in the absence of mitigating evidence, Jackson speculates that the DEA could or should have advised candidates that additional mitigating facts are a pre-condition for reconsideration. There is nothing in the record to suggest that this, in fact, is a typical DEA practice or policy. As such, Jackson's evidence is insufficient to raise a genuine issue of pretextual discrimination. *Lexington Ins. Co. v. W. Penn. Hosp.*, 423 F.3d 318, 333 (3d Cir. 2005).

III.

Jackson next claims that the District Court erred in entering summary judgment against him on his retaliation claim. We reject this argument out of hand because the record is devoid of a triable issue of material fact regarding Agent Ludowig's knowledge about Jackson's prior EEO complaint. Even if Reed's testimony constituted competent evidence (which it does not), his speculation that Jackson's EEO activity "would have been" known by Ludowig is plainly insufficient to withstand the Government's motion for summary judgment.

For all the foregoing reasons, we will affirm the judgment of the District Court.